## Richmond

### Howard L. Via, Et Al. v. George P. Reynolds.

September 1, 1971.

Record No. 7547.

Present, I'Anson, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*William T. Wilson* (*Hale Collins; Collins and Wilson,* on brief), for plaintiffs in error.

*Roscoe B. Stephenson, Jr.* (*Stephenson, Kostel, Watson, Carson & Snyder,* on brief), for defendant in error.

Per Curiam.

On February 3, 1970, the trial court entered a judgment in favor of plaintiff George P. Reynolds against defendants Howard L. Via and Clara L. Via. By an order entered September 4, 1970, we granted the defendants a writ of error and supersedeas to that judgment, requiring a supersedeas bond in the penalty of $500 in addition to the suspending and supersedeas bond in the penalty of $3,000 previously given.

The plaintiff moves us to dismiss the writ of error and supersedeas on the ground that the attorney in fact who signed both bonds on behalf of Western Surety Company ("Western"), the corporate surety named in the bonds, was not authorized to execute either bond on behalf of Western.

The appellant did not file a certificate pursuant to our Rule 5:1, § 11, which provides in part:

"If [within 21 days after the issuance of a summons on appeal pursuant to Rule 5:5] the appellant files with the clerk of this Court a certificate of the clerk or judge that the required appeal bond has been given in accordance with the provisions of § 8-465 or § 8-477 of the Code of Virginia, the appeal shall not be dismissed for defects in the bond unless an appellee shall, within twenty-one days after such certificate is filed, file with the clerk of this Court assignment in writing of the defects in the bond, and unless appellant fails to correct such defects as may exist within twenty-one days after such assignment is filed."

The last paragraph of Rule 5:1, § 11, requires us to dismiss an appeal on motion of an appellee, if the appellant has not filed a certificate under that Rule, "unless the appellant proves that the required bond was in fact given". The record shows that the clerk of the trial court approved Western as the surety under both bonds, *see* Code §§ 8-465 and 8-477, but that the attorney-in-fact who signed the bonds on behalf of Western lacked authority to sign the bonds on its behalf. Because the required bonds were not given, we must dismiss the appeal.

*Writ dismissed.*